Case 1:19-cv-10119-ADB w Document 38-1   Filed 02/26/19   Page 4 of 11

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RED WOLF ENERGY TRADING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-10119-MLW |
| | ) | |
| CHRISTOPHER E. JYLKKA, | ) | |
| BIA CAPITAL MANAGEMENT, LLC, | ) | |
| GREGORY V. MOELLER, | ) | |
| GROWTHWORKS, LLC, | ) | |
| MICHAEL HARRADON, | ) | |
| JON MOELLER, ERIC BROWN | ) | |
| and BRIAN VOORHEIS, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff Red Wolf Energy Trading, LLC and Defendants Bia Capital Management, LLC ("Bia" or "BCM"), Gregory V. Moeller ("Mr. Moeller), GrowthWorks, LLC ("GrowthWorks"), Michael Harradon ("Mr. Harradon"), Jon Moeller ("Jon"), Eric Brown ("Mr. Brown") and Brian Voorheis ("Mr. Voorheis") (collectively, the "Bia Defendants") and Christopher Jylkka ("Mr. Jylkka"), (collectively, the "Parties"), by and through their undersigned counsel, do hereby stipulate and agree to the following Stipulated Confidentiality and Protective Order (the "Stipulation and Order"), and jointly request that the same be approved by the Court and entered as an order in this matter (the "Action").

WHEREAS, the Parties expect to provide testimony and produce information and documents during the pendency of the "Action");

{W7116305.2}

WHEREAS, the testimony, information and documents to be offered by the Parties in the Action will include certain proprietary, financial, and other sensitive and confidential information; and

WHEREAS, to facilitate such testimony and the offering of such information and documents during the Action, the Parties desire to enter into this Stipulation and Order to protect their interests.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall govern testimony, documents and other information offered during the Action:

1.      This Stipulation and Order shall apply to all testimony given and information and documents used in any way during the Action by any party, witness, or non-party that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Stipulation and Order, including, but not limited to, all copies, excerpts, or summaries thereof (collectively "Protected Material"). As used herein, "Offering Party" shall refer to any party who offers Protected Material at the Action, and "Receiving Party" shall refer to any individual other than the Offering Party, pursuant to this Stipulation and Order.

2.      Testimony, documents and information designated as "Confidential" shall not be disclosed by the Receiving Party to persons other than:

    a.    Parties in the Action, including any employees of the Parties having responsibility for overseeing or participating in the Action;

    b.    A non-Party during the taking of his or her deposition;

    c.    Counsel to the Parties in the Action who have entered an appearance in the Action, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

    d.    Stenographers transcribing testimony at a deposition in the Action;

{W7116305.2}                                                          2

e.      This Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

f.      Clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings;

g.      A testimonial or consulting expert only as provided in paragraph 7 below;

h.      Any neutral (and their staff) engaged by the Parties or assigned by the Court to assist the Parties in connection with their efforts to resolve the Action; and

i.      Any other person or persons to whom the Parties to the Action mutually agree in writing.

3.      Documents and materials designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed by the Receiving Party to persons other than the persons listed in Sub-Paragraphs 2(c) through (i).

4.      Any documents, information, or other tangible materials designated as Protected Material shall be so designated by stamping the first page of the document or materials with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate.

5.      Upon designation by a Party, depositions, hearings, or trial testimony may be designated "Confidential." During the Action, it is anticipated that, from time to time, the Parties will offer testimony, either in written or oral form, concerning Protected Material. In order to allow each Party to provide complete testimony while protecting its Protected Materials, all persons except those designated in Paragraph 2 or Paragraph 3 of this document, as applicable, will be prohibited from entering the Courtroom or deposition room during the hearing, trial, or deposition while any witness is testifying on behalf of another party concerning

Protected Materials. Any portion of such hearing, trial, deposition, or other testimony may be designated as Protected Material by any one of the following means:

    a.    stating orally on the record that certain information or testimony is "Confidential" or "Highly Confidential – Attorneys' Eyes Only"; or

    b.    sending written notice within ten days of receipt of the transcript of the hearing, trial, or deposition designating portions of the transcript as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The transcript shall be impounded for ten days after it becomes available to allow the Parties to designate portions as Protected Material.

In the event that any question is asked at the hearing, trial, or deposition which a party or nonparty asserts calls for the disclosure of Protected Material, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. If a party or nonparty asserts that a question calls for the disclosure of "Highly Confidential – Attorneys' Eyes Only" material, only those persons listed in Sub-Paragraphs 2(c) through (i) shall be present when the answer is given.

6.    Protected Material may be used by the Receiving Party solely for the purposes of this litigation and for no other purpose without prior written approval from the Court or the prior written consent of the Producing Party.

7.    Protected Material may be provided to testimonial or consulting experts retained by counsel in connection with the Action to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action, provided that such expert or consultant: (a) is using said information solely in connection with the Action; (b) agrees in writing to be bound by the terms and conditions of this Stipulation and Order; and (c) agrees not to disclose or use Protected Materials for purposes other than those permitted hereunder. Counsel for Receiving Party shall be responsible for procuring written agreements signed by experts receiving Protected Materials before any

Protected Materials are disclosed to the expert. In the case of testimonial experts, Counsel shall transmit such agreements to counsel for Producing Party within 24 hours of that determination.

8. Nothing in this Stipulation and Order shall foreclose any Receiving Party from challenging by motion the designation by any Producing Party of any documents, information or materials as Protected Materials, or from seeking an Order removing any such documents, information or materials from the protections afforded by this Stipulation and Order, or from seeking any modification of this Stipulation and Order. Upon any such challenge, it shall be the burden of the Producing Party to demonstrate under applicable legal standards that the information in question is sufficiently sensitive to warrant confidential treatment under the provisions of this Stipulation and Order.

9. The inadvertent failure of a Producing Party to designate information or material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in strict accordance with the terms of this Stipulation and Order shall not preclude a later designation provided that the information has not previously been made public by the Receiving Party. Any party may retract a prior designation of information or a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

10. All Protected Material designated as such under this Stipulation and Order shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

a. The Producing Party agrees in writing that the previously designated Protected Material shall no longer require that designation; or

b. The Court enters an order that the matter shall not be entitled to confidential treatment and said order is no longer subject to appeal.

11.     If any Protected Material is to be included among any papers filed with the Court as part of any pleading, motion, affidavit or other paper, the Parties will work together in good faith to file a motion to impound such Protected Material prior to the time the motion is filed.

12.     The entry of this Stipulation and Order shall be without prejudice to the rights of any of the Parties to apply for modification or relief from this Stipulation and Order by petitioning the Court or by agreement.  The entry of this Stipulation and Order shall be without prejudice to the rights of any non-party to assert or apply for additional or different protection. Nothing in this Stipulation and Order shall prevent any party from seeking relief in the form of another appropriate protective order to govern the use of Confidential Material at a hearing, deposition, or trial.

13.     All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Stipulation and Order and to ensure that their clients do so.  In the event of a change in counsel, retiring counsel shall provide a copy of this Stipulation and Order to new counsel.

14.     At the termination of the Action, any Receiving Party, including its counsel, shall either destroy or return Protected Material to the Producing Party or its counsel.  The parties further agree to take such other measures as are necessary and appropriate to prevent the public disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this litigation.

15.     Outside legal counsel for each Party may retain one copy of Protected Material for their files, and all other copies of same shall be destroyed or returned.  The Parties further agree to take such other measures as are necessary and appropriate to prevent the public

{W7116305.2}                                    6

Case 1:19-cv-10119-ADBW Document 38-1 Filed 02/26/19 Page 7 of 8

disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this litigation.

16.     This Stipulation and Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Stipulation and Order if the information or documents are lawfully in their possession independently of the Action.

**SO STIPULATED:**

RED WOLF ENERGY TRADING, LLC,

By its attorneys,

/s/

John A. Sten (BBO #629577)
Maeve C. Tibbetts (BBO #687545)
Pierce Atwood LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 488-8155
Email: jsten@pierceatwood.com

BIA CAPITAL MANAGEMENT,
LLC, GREGORY V. MOELLER,
GROWTHWORKS, LLC, MICHAEL
HARRADON, JON MOELLER,
ERIC BROWN and BRIAN VOORHEIS,

By their attorneys,

/s/ Christopher R. O'Hara (.MC)
Christopher R. O'Hara (BBO# 548611)
Megan C. Deluhery (BBO# 655564)
Maria Davis (BBO# 675447)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: 617-720-2626
Fax: 617-227-5777
cohara@toddweld.com
mdeluhery@toddweld.com
mdavis@toddweld.com

CHRISTOPHER E. JYLKKA,

By his attorneys,

/s/ David S. Rosenthal (.MC)
David S. Rosenthal (BBO #429260)
Aimee E. Bierman (BBO #640385)
Matthew Frankel (BBO #664228)
Nixon Peabody LLP
Exchange Place
53 State Street
Boston, MA 02109-2835
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
drosenthal@nixonpeabody.com
abierman@nixonpeabody.com
mfrankel@nixonpeabody.com

{W7116305.2}                                          8