UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RED WOLF ENERGY TRADING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 19-10119-MLW |
| | ) | |
| BIA CAPITAL MANAGEMENT, LLC, | ) | |
| GREGORY V. MOELLER, | ) | |
| GROWTHWORKS, LLC, | ) | |
| MICHAEL HARRADON, and | ) | |
| JON MOELLER, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                           October 25, 2022

The court has considered the parties' responses to the
September 8, 2022 Memorandum and Order directing the issuance of
defaults on all counts against defendants Bia Capital Management,
LLC ("Bia") and Gregory Moeller ("Moeller"), and ordering all
parties to confer and report their respective views on how this
case should proceed. The court's present views concerning the
issues to be addressed are described below. A hearing concerning
these issues, and possibly others, shall be held on November 7,
2022, at 2:00 p.m., at the Moakley Federal Courthouse.

1. Liability

Because defaults have been entered against Bia and Moeller,
the court must take all the well-pleaded facts in the First Amended

Complaint ("FAC") pertaining to their liability as true. See Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 52 (1st Cir. 2009); Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)(per curiam); Allied Home Mortg. Cap. Corp. v. Belli, No. 07-11597, 2011 U.S. Dist. LEXIS 171712, at *14 (D. Mass. Mar. 3, 2011). If the FAC states a claim for relief against them, they have no right to contest liability. See Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 41 (1st Cir. 2012). The court has considered the allegations in the FAC concerning Bia and Moeller and believes that they properly allege against them claims for Misappropriation of Trade Secrets in violation of 18 U.S.C. §1836 et. seq, Unfair and Deceptive Trade Practices in violation of Mass. Gen. L. Ch. 93A, Conversion, and Unjust Enrichment. Therefore, unless after hearing from the parties the court revises its view, the liability of Bia and Moeller on these claims is established.[1]

---

[1] The court notes that the FAC does not allege that Red Wolf's trade secrets were misappropriated willfully and maliciously as required by 18 U.S.C. §1836(b)(3)(C) to allow the court to award exemplary damages in an amount not more than twice the damages to which Red Wolf would otherwise be entitled. Nor does it allege that defendants acted willfully and knowingly as is required to permit an award of up to treble damages under Mass. Gen. L. Ch. 93A. Therefore, the court does not believe that the defaults entered against Bia and Moeller establish a right to an award of multiple damages against them. Rather, this issue will have to be litigated.

Moeller has stated that prior to its formation Bia operated under the name GrowthWorks, LLC ("GrowthWorks"), and has used the names GrowthWorks and Bia interchangeably. See Dkt. No. 19-2, ¶7. In addition, the theft of some of plaintiff's trade secrets occurred while Moeller was operating as GrowthWorks before Bia was formed. Therefore, it appears appropriate to find that GrowthWorks is an alter ego of Bia and, in any event, that they are jointly and severally liable. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 432 (1st Cir. 2007)(one corporation is an alter ego of the other when "there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities"(quoting My Bread Baking Co. v. Cumberland Farms, Inc., 233 N.E.2d 748, 752 (Mass. 1968)).[2]

2. Permanent Injunction

Bia and Moeller represent that Bia's contract with CAISO has been terminated and that Bia has ceased business operations. See Dkt. No. 330 at 3. They claim, therefore, that "[i]njunctive relief is no longer necessary." Id. The court believes that this is not correct. A defendant's voluntary cessation of a challenged

---

[2] In this Memorandum, future references to Bia include GrowthWorks. Bia and Moeller assert that GrowthWorks was "administratively dissolved" in June 2021. See Dkt. No. 325 at 2. It is not clear to the court what this means or the implications of any "administrative dissolution" for GrowthWorks' joint and several liability.

3

practice does not automatically moot a request for injunctive relief. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 193 (2000); Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013). Rather, a defendant must persuade the court that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Laidlaw, 528 U.S. at 190; Already, 568 U.S. at 91. This is a "formidable burden" that Bia and Moeller have not now met. Already, 568 U.S. at 91.

Accordingly, unless Bia and Moeller persuade the court that Red Wolf's claim for injunctive relief is moot, the court intends to enter a permanent injunction against them before addressing the issue of damages. Doing so should prevent any continuing harm to Red Wolf from their theft of its trade secrets. The injunction will also affect the amount of the damages to be awarded because, for example, there will be no need to include an amount for a royalty to compensate Red Wolf for Bia benefiting from its misconduct in the future. The parties are being ordered to confer and submit their respective proposed forms of a permanent injunction by November 2, 2022.

3. Damages

With regard to damages, it appears that the parties' expert reports will require revisions and such revisions may require revised motions in limine. It appears that Bia and Moller did not misappropriate Red Wolf's trade secrets by incorporating Red

4

Wolf's confidential code for trading and related activity in Bia's code. Rather, among other things, Bia unlawfully used Red Wolf's confidential information to test and improve the competing trading algorithm it was developing. The parties should be prepared to discuss on November 7, 2022 the correctness of the court's understanding of the nature of Bia and Moeller's misconduct, and its implications for litigating the amount of damages to be awarded for it. The parties should also be prepared to discuss whether it is permissible and appropriate for the court to receive part of an expert's direct testimony concerning damages in the form of sworn declarations submitted before the damages hearing. See Saverson v. Levitt, 162 F.R.D. 407, 408-10 (D.D.C. 1995); In re Adair, 965 F.2d 777, 779-80 (9th Cir. 1992) (per curiam); Allied Home, 2011 U.S. Dist. LEXIS 171712, at *14.

### 4. Settlement

With regard to settlement, Bia, Moeller, and their co-defendants Michael Harradon and Jon Moeller request that the court order that the parties engage with mediation before a Magistrate Judge. See Dkt. No. 330 at 7. Red Wolf asserts that its ability to discuss settlement is hampered because its principals, Wesley Allen and Adam Christian, have been unable to view most of Bia's Slack messages due to defendants' excessive use of the "Attorneys' Eyes Only" designation permitted by the Stipulated Confidentiality and Protective Order (Dkt. No. 40) and a lack of information

concerning Bia and Moeller's ability to pay damages. See Dkt. No. 326 at 2. The court has the authority to modify the Protective Order after giving the parties this notice and an opportunity to be heard. See Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 782-83 (1st Cir. 1998). In order to decide whether it is necessary and appropriate to do so, the court is ordering that the parties confer and by, November 2, 2022, file under seal all documents Red Wolf contends have been inappropriately designated "Attorneys' Eyes Only" and an explanation of their respective positions concerning (a) whether that designation is proper under the Stipulated Confidentiality and Protective Order; and (b) whether the court should modify that Order to limit or eliminate the restrictions on documents that may be seen by Red Wolf's principals.

In addition, Bia and Moeller claim that court-ordered mediation is appropriate because they will be unable to pay a six-figure sanction or award of damages. See Dkt. No. 325 at 2. Therefore, the parties are being ordered to confer and report their respective positions concerning what, if any, discovery should be conducted in aid of mediation. Absent an agreement by Red Wolf to mediate, the court is unlikely to order mediation unless and until Red Wolf receives reliable information concerning the capacity of Bia and Moeller to pay a substantial award of damages.

### 5. Summary Judgment

Neither Harradon nor Jon Moeller has agreed to a settlement of the case. As a result of the belated production of documents that caused Bia and Moeller to be defaulted there is now additional relevant evidence that may support a meritorious motion for summary judgment against Harradon at least. Therefore, the parties should be prepared to address at the November 7, 2022 hearing whether Red Wolf should be permitted to file motions for summary judgment concerning Harradon and Jon Moeller.

### 6. Attorneys' Fees

The court is informed that Red Wolf, Bia, and Moeller have not agreed on the amount of reasonable attorney's fees attributable to Red Wolf's meritorious Second Motion for Sanctions to be paid by Bia and Moeller as previously ordered. See Dkt. No. 322 at 72, ¶3(c). Defendants correctly assert that Red Wolf has not presented its calculation of such fees in proper form. The court will not be able to decide the amount of fees to be awarded to Red Wolf until it submits a lodestar calculation of its fees reasonably attributable to the Second Motion for Sanctions and supporting documents. See, e.g., Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336-38 (1st Cir. 2008); Alan Hirsch, Diane Sheehey, & Tom Willging, Awarding Attorneys' Fees and Managing Fee Litigation 23-61, Federal Judicial Center (Markarian ed. 2015). Therefore, Red Wolf is being ordered to do so to permit the parties to have a

properly informed discussion of whether they can agree on the amount of fees to be paid and, if not, for the court to decide the issues on an appropriate record.[3] If Red Wolf cannot make this submission by November 2, 2022, the court will grant a request for a reasonable extension of time to do so.

7. <u>Order</u>

In view of the foregoing, it is hereby ORDERED that:

1.    Red Wolf, Bia, and Moeller shall confer and, by November 2, 2022, make the submissions described in this Memorandum.

2.    A hearing concerning the issues discussed in this Memorandum and any others that the parties identify in their November 2, 2022 submissions shall be held on November 7, 2022, at 2:00 p.m., at the Moakley Federal Courthouse. In addition to counsel, Wesley Allen and each defendant shall attend.

---

[3] Todd & Weld, counsel for Bia and Moeller, note that Red Wolf has not requested that sanctions be imposed on it. <u>See</u> Dkt. No. 325, n.1. However, as the court wrote in the September 8, 2022 Memorandum and Order at 70:

> It is not certain whether defendants, who are at least primarily responsible for the violations, will be able to pay the full amount that will be awarded. If they cannot or do not, the court will give defendants' counsel an opportunity to be heard concerning whether they should be ordered to make up any deficiency. <u>See</u> Fed. R. Civ. P. 37(b)(2)(C) (authorizing the court to order the attorney advising the disobedient party to pay reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order).

UNITED STATES DISTRICT JUDGE