UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RED WOLF ENERGY TRADING, LLC,        )
                                     )
     Plaintiff,                      )
                                     )
                                     )
     v.                              )  C.A. No. 19-10119-MLW
                                     )
BIA CAPITAL MANAGEMENT, LLC,         )
GREGORY V. MOELLER,                  )
GROWTHWORKS, LLC,                    )
MICHAEL HARRADON, and                )
JON MOELLER,                         )
                                     )
     Defendants.                     )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                            January 31, 2023

At a January 24, 2023 conference, Red Wolf Energy Trading, LLC ("Red Wolf") and Bia Capital Management, LLC, Gregory V. Moeller, and GrowthWorks, LLC ("Bia Defendants") reached an agreement to settle this case. See Dkt. No. 371, attached hereto as Exhibit 1. The court memorialized that agreement in a draft order. Dkt. No. 366-1. The parties have confirmed that the draft order accurately reflects the agreement that they reached. See Dkt. Nos. 368, 369.

The court ordered the parties to provide, by January 27, 2023, language for the release which they had agreed would be incorporated in the final order. Dkt. No. 366. Red Wolf submitted its proposed release provisions. The Bia Defendants submitted two

sets of release provisions they would accept, one of which is a modified version of Red Wolf's release provisions. The parties do not agree on the release language. The Bia Defendants have requested a conference to resolve this disagreement.

Two aspects of the proposed release provisions appear to cause the disagreement.

First, in both of their proposed release options, the Bia Defendants include language releasing claims Red Wolf may have against their attorneys, Todd & Weld LLP. Red Wolf's proposed language does not release claims against the Bia Defendants' "representatives," "attorneys," or "agents." However, at the January 24, 2023 conference both Red Wolf and its attorney represented that they have no intention of suing Todd & Weld LLP. The court notes that it has not found Todd & Weld LLP liable for the sanctions imposed on the Bia Defendants. Dkt. No. 322 at 45 n.10, 70. However, at the January 24, 2023 hearing the court directed the parties to draft a release of only the defendants. Dkt. No. 371 at 37:7-13. As Todd & Weld LLP is not a defendant, the court does not intend to adopt its preferred language.

Second, Red Wolf seeks to include a provision stating that the agreed judgment against the Bia Defendants - $1,400,000 - is not dischargeable in bankruptcy. Specifically, Red Wolf seeks to have the Bia Defendants agree that the judgment is non-dischargeable: (a) pursuant to 11 U.S.C. §523(a)(6), which

2

prevents discharge of willful and malicious injuries; and (b) pursuant to 11 U.S.C. §523(a)(19)(B), which concerns the violation of securities laws or fraud and deceit regarding the purchase or sale of a security. A non-dischargeability provision was not discussed or agreed to at the January 24, 2023 conference. The Bia Defendants oppose it.

It is not this court's intention to adjudicate whether a judgment in this case would be dischargeable in hypothetical bankruptcy proceedings. However, the court has previously addressed whether the Bia Defendants' conduct was willful or malicious. In its October 25, 2022 Memorandum and Order, the court noted that the First Amended Complaint (Dkt. No. 129) does not allege that the defendants acted willfully and maliciously or willfully and knowingly. See Dkt. No. 331 at 2 n.1. Therefore, the court stated that it did not believe that the defaults entered against the Bia Defendants established that they acted maliciously or willfully. Id. Therefore, there is now no basis for the court to find that any debt resulting from the judgment in this case would not be dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(6). Section 523(19) is irrelevant as this is not a case involving securities laws. In essence, Red Wolf is seeking to add a material term to an agreement that the court believes is enforceable. See, e.g., Rand-Whitney Packaging Corp. v. Robertson Grp., Inc., 651 F. Supp. 520, 535-36 (D. Mass. 1986). If any of

3

the Bia Defendants seek relief from the judgment in this case in bankruptcy, the Bankruptcy Court will have to decide whether the judgment is non-dischargeable.

In view of the forgoing, unless by February 3, 2023 a party provides a written, persuasive reason for the court to reconsider the language concerning the release to be included in the final judgment, the court intends to enter the order attached hereto as Exhibit 2.

*[signature]*
UNITED STATES DISTRICT JUDGE