UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RED WOLF ENERGY TRADING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | C.A. No. 19-10119-MLW |
| ) | |
| BIA CAPITAL MANAGEMENT, LLC, ) | |
| GREGORY V. MOELLER, ) | |
| GROWTHWORKS, LLC, ) | |
| MICHAEL HARRADON, and ) | |
| JON MOELLER, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    February 15, 2023

The court has considered the parties' submissions (Dkt. Nos. 374, 375) in response to the January 31, 2023 order (Dkt. No. 373).

The court continues to believe that the parties entered into an enforceable settlement agreement on the record on January 24, 2023, the transcript of which is attached hereto as Exhibit 1. If there is any applicable statute of frauds the principle of judicial estoppel operates to prevent plaintiff Red Wolf Energy Trading, LLC ("Red Wolf") from seeking to alter that agreement. See Eswarappa v. Shed Inc./Kid's Club, 685 F. Supp. 2d 229, 233-34 (D. Mass. 2010); Wang Lab'ys, Inc. v. Applied Computer Scis., Inc., 741 F. Supp. 992, 999-00 (D. Mass. 1990), rev'd on other grounds, 958 F.2d 355 (Fed. Cir. 1992); Correia v. DeSimone, 34 Mass. App.

Ct. 601, 603-04 (Mass. 1993). The court does not intend to refer the case to a magistrate judge for the determination of damages as Red Wolf requests. It is, however, giving the parties the opportunity to address whether there is an enforceable settlement agreement.

Alternatively, if the court is persuaded that the principle of judicial estoppel does not render the January 24, 2023 agreement final, the court may authorize Red Wolf to move for summary judgment, based on the facts found in the September 8, 2022 Memorandum and Order (Dkt. No. 322), on the issue of whether defendants Bia Capital Management, LLC, Gregory V. Moeller, and Growthworks, LLC's (the "Bia Defendants") misappropriation of trade secrets under 18 U.S.C. §1836 and unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A constituted a "willful and malicious injury" to Red Wolf that would make judgment in this case non-dischargeable in bankruptcy. See 11 U.S.C. §523(a)(6). Under §523(a)(6) of the Bankruptcy Code an injury is malicious "if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will." Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853, 859 (1st Cir. 1997) (citing 4 Collier on Bankruptcy §523.12 (15th ed. 1996)). "Willfulness requires 'a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question.'" In re Levasseur, 737 F.3d 814, 818 (1st

Cir. 2013) (citation omitted). An injury inflicted recklessly or negligently does not suffice. Kawaauhau v. Geiger, 523 U.S. 57, 64 (1998).

It is hereby ORDERED that:

1. The parties shall, by 9:30 a.m. on February 21, 2023, file memoranda addressing the issue of whether the January 24, 2023 agreement is enforceable.

2. A hearing to address the issue of enforceability, and if necessary or appropriate, to scheduled briefing on a motion for summary judgment concerning whether the Bia Defendants' actions constituted a willful and malicious injury for the purpose of making a judgment in this case non-dischargeable in bankruptcy, shall be held at the Moakley Federal Courthouse on February 22, 2023, at 11:00 a.m. In addition to counsel, Wesley Allen and Gregory V. Moeller shall attend.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE